IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. CLARK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-239-JJF |
| v. | ) | |
| | ) | Jury Trial Requested |
| WARDEN RAPHAEL WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**WARDEN RAPHAEL WILLIAMS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER AND A PRELIMINARY INJUNCTION [RE: D.I.14]**

COMES NOW, State Defendant Warden Raphael Williams ("Warden Williams"), by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (the "Motion for Preliminary Injunction") (D.I. 14). In support of the Response, Warden Williams states as follows:

1. Plaintiff Richard E. Clark, Jr. ("Clark" or "Plaintiff") is an inmate presently incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Clark is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On May 2, 2007, Clark filed a Complaint claiming that the Defendants violated his Eighth Amendment rights by allegedly housing him in a cell with an inmate infected with HIV and Hepatitis B. Clark also claims that, as a result of being housed with the inmate, he received Hepatitis B. In addition, Clark asserts that the

Defendants violated his Eighth Amendment rights by neglecting to provide him with proper medical treatment. (D.I. 2).

3. The docket in this matter reflects that, to date, Clark has not served the Complaint on Warden Williams, Lieutenant Sheets or the other Defendants.

4. On October 12, 2007, Clark filed the Motion for Preliminary Injunction alleging that the Defendants were retaliating against him for filing his lawsuit by opening his legal mail, manipulating his regular mail, providing him with inadequate medical treatment and threatening him. (D.I. 14). In support of his allegations Clark claims that he has been threatened with placement in administrative segregation. Clark, however, does not state which employees threatened him with administrative segregation. Clark also claims that, "One of Plaintiff's defendants, Lt. Sheets has been very intimidating due to threatening [sic] looks, and statements made on his behalf." (D.I. 14 at Declaration ¶ 5).

5. Less than one week after Clark filed the Motion for Preliminary Injunction, the Court entered an order directing the Defendants to respond to the Motion for Preliminary Injunction on or before October 24, 2007. (D.I. 16, entered 10/18/07).

6. On October 24, 2007 – the deadline for filing a response – the Attorney General's Office received the Court's Order and filed a Motion for Extension of Time requesting until on or before October 31, 2007 to file a response to the Motion for Preliminary Injunction. (D.I. 23). On the same date, HRYCI placed Clark in protective custody pending resolution of the Motion for Preliminary Injunction. (D.I. 24).

7. The next day, October 25, 2007, Clark waived his right to protective custody stating that, "[I] do not fear for my safety. At this time I don't feel

threatened." (Exhibit A). On October 25, in accordance with Clark's wishes, HRYCI transferred Clark back to general population. In addition, counsel for Warden Williams filed a letter and supporting documentation with the Court informing the Court that Clark no longer wished to be housed in protective custody. (D.I. 25).

8. The aforementioned facts clearly show that the Defendants have not retaliated against Clark. The Defendants were not served with Plaintiff's Complaint prior to the filing of the Motion for Preliminary Injunction. Moreover Clark has not suffered any adverse action at the hands of Warden Williams or Lieutenant Sheets. In fact Clark admits that he does not believe his life is in danger or that he needs protective custody. In light of the foregoing, Warden Williams requests that the Court deny the Motion for Preliminary Injunction.

9. A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

10. In the Third Circuit a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

11. To obtain a preliminary injunction Clark must satisfy all four factors. If Clark cannot prove that he has a likelihood of success on the merits of his

retaliation claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

**I.        Clark Is Not Likely To Succeed On The Merits Of His Retaliation Claim.**

12. Clark's Motion states that the Defendants are retaliating against him for filing the lawsuit. To demonstrate a likelihood of success on the merits of a retaliation claim a plaintiff must show that: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of the prison officials; and (3) his constitutionally protected conduct was "a substantial or motivating factor" in the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). If the plaintiff can demonstrate a likelihood of success, the burden then shifts to the prison officials to demonstrate that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

**A.    Clark has not suffered adverse action at the hands of Warden Williams or Lieutenant Sheets.**

13. Clark provides several areas in which the Defendants have allegedly retaliated against him: a) threatening him with placement in administrative segregation; b) intimidating him with threatening looks and statements; c) denying him medical treatment; and d) manipulating his legal and regular mail. Clark, however, cannot prove that this allegedly adverse action took place or that it was committed at the hands of the Defendants.

14. First, Clark claims that he has been threatened with placement in administrative segregation in retaliation for filing his lawsuit. Clark, however, fails to

provide a single detail regarding these alleged threats. He does not state who threatened him, when he was threatened, where, in what manner or what was said. In addition, Clark never filed a single grievance at HRYCI stating that he was threatened with placement in administrative segregation. Clark also never states that he has actually been placed in administrative segregation. In fact, Clark is housed in general population and currently participates in the Key Program. Clearly Clark's allegations are unsubstantiated and should not form the basis for injunctive relief.

15.     Second, Clark alleges that Lieutenant Sheets intimated him by giving him threatening looks and causing others to make threatening statements to him. Again Clark does not state with specificity who threatened him, when he was threatened or what was said. He also does not state how Lieutenant Sheets "looked" at him. Clark simply makes bald, unsubstantiated allegations. Further Clark never filed a single grievance stating that he was threatened or intimidated by Lieutenant Sheets. Clark's allegations are unsubstantiated and should not form the basis for the extraordinary relief of a preliminary injunction.

16.     Next, Clark contends that he is not receiving medical treatment in retaliation for filing the lawsuit. Clark's allegations are false. Clark's medical records demonstrate that he has been seen by the medical provider many times over the past few months and has received numerous lab tests. (Exhibit B). Moreover, in a recent appeal of a grievance Clark admits that his lab work is being done on a consistent basis and that he is being seen by a doctor. (Exhibit C). Thus the evidence demonstrates that Clark is receiving medical attention.

17. Finally, Clark alleges that HRYCI is tampering with his mail in retaliation for his lawsuit. Again Clark fails to provide any specific details about this alleged tampering. Further, Clark never claims that this alleged tampering was done at the hands or request of Warden Williams or Lieutenant Sheets. To the extent then that Clark has had problems with his mail it does not prove the problems were the result of retaliation for filing his lawsuit. Therefore Clark cannot meet his burden for a grant of injunctive relief.

  **B.**  **Warden Williams and Lieutenant Sheets were not served with the lawsuit prior to the commission of the allegedly adverse action. Therefore Clark cannot prove the lawsuit was a motivating factor in the alleged retaliation.**

18. Assuming, *arguendo*, that Clark is able to show that the adverse action was done at the hands of the Defendants he must also demonstrate that the filing of the lawsuit was the motivating factor in the adverse action. Clark, however, cannot meet this burden.

19. The record shows that, to date, Clark has not served the Defendants with the lawsuit. Given that the Defendants have not been served with the lawsuit Clark cannot prove that the Defendants were aware of the lawsuit at the time of the alleged adverse action and that the lawsuit was a substantial motivating factor in the alleged retaliation. Therefore Clark cannot meet his burden for injunctive relief.

**II.**  **Clark Will Not Suffer Irreparable Injury If The Court Denies His Request For Injunctive Relief.**

20. This Court should also deny the Motion for Preliminary Injunction on grounds that Clark cannot show that he will suffer irreparable injury. To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …."

*Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, courts issue an injunction where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). In this case, Clark cannot prove that he will suffer irreparable injury if his request for relief is denied.

21. Clark's claims of retaliation are nothing more than bald and unsubstantiated allegations. Further, assuming Plaintiff does have evidence to support his allegations, he has not proven that acts of retaliation are likely to occur at the time the injunction is issued. Injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980). In documents filed with this Court Clark explicitly states that he does not fear for his safety nor does he feel threatened. (Exhibit A). In fact, despite the HRYCI placing Clark in protective custody, Clark chose to waive his right to protective custody and return to general population. (*Id.*). Thus by his own actions Clark demonstrates that he does not believe he will suffer irreparable injury if the Court denies the Motion.

22. Clark's allegations are unfounded. The evidence demonstrates that the Defendants have not retaliated against Clark. Moreover it is clear that Clark will not suffer any irreparable injury if the Court denies the injunction. Therefore the facts of this case do not merit the extraordinary relief a preliminary injunction is designed to provide and the Motion should be denied.

WHEREFORE, Warden Williams respectfully requests that this Honorable Court deny Plaintiff's Motion for Preliminary Injunction.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Ophelia M. Waters (#3879)
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
   Attorney for Warden Williams

Dated: October 31, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. CLARK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-239-JJF |
| v. ) | |
| ) | Jury Trial Requested |
| WARDEN RAPHAEL WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon the Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (D.I. 14), and Warden Raphael Williams' Response in Opposition to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction; and it appearing that good and sufficient notice of Plaintiff's Motion and Warden Williams' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on October 31, 2007, I caused a true and correct copy of the attached ***Warden Raphael Williams' Response In Opposition To Plaintiff's Motion For A Temporary Restraining Order And A Preliminary Injunction [Re: D.I. 14]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Richard E. Clark Jr.
SBI # 477726
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

To: Staff Lieutenant Wayne Lee
From: Lieutenant Fred Way III
Date: October 25, 2007
Subject: Inmate Clark, Richard (Protective Custody Status)

Sir,
Inmate Clark was questioned in the First Floor Office, on today's date October 25, 2007 at approximately 1640 hours. It was explained to him the reason why he was placed on Administrative Segregation on October 24, 2007 the 4x12 shift.

Inmate was questioned about his safety and he stated that he was in the Key program and wanted to return. He further stated that he doesn't fear for his safety and wants to come off this status.

Inmate states that at no time did he feel he needed to be placed on Administrative Segregation.

\* Please remove me from my current status \*

Clark, Richard E/#477726

Lieutenant Fred Way III
First Floor Supervisor

10-25-07

To whom this may concern, at no time did I Richard E Clark ask or thought I needed to be housed in 1F (PC) and do not fear for my safety. At this time I don't feel threatened.

*[signature: Richard E Clark]*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL FACILITY

TRANSFER FROM ADMINSTRATIVE SEGREGATION

NAME: Clark, Richard          SBI NUMBER: #477726

DATE OF ORDER: 10/25/2007     CURRENT LOCATION: 1F #04

TIME OF ORDER: 1645 hrs.      NEW LOCATION: Gen. Pop( Dorm II )

You are hereby being removed from administrative segregation for the following reason (s):
At this time you are being removed from your current status and returned to Dorm II, You stated that you never requested Protective Custody and wish to continue with your treatment..

COMMENTS:

APPROVING AUTHORITY (STAFF LIEUTENANT OR ABOVE):

Staff/ Lieutenant Wayne Lee  (Shift Commander)    S/Lt. W. Lee
STAFF TITLE AND SIGNATURE

DISTRIBUTION
Original:  Warden via Deputy Warden
Copy:      Health Care Administrator
           Counselors via Pam Faukner-Minor, Counselor Manager
           Primary Control/Movement Log Officer
           Housing Unit – Modular Control
           Resident

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. CLARK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-239-JJF |
| v. | ) | |
| | ) | Jury Trial Requested |
| WARDEN RAPHAEL WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# SEALED EXHIBIT

# EXHIBIT C

Case 1:07-cv-00239-JJF    Document 28-4    Filed 10/31/2007    Page 1 of 2

**HRYCI** Howard R. Young Correctional Institution        Date: 10/16/2007
1301 E. 12th Street
WILMINGTON DE, 19809
Phone No. 302-429-7700

# GRIEVANCE INFORMATION - Appeal

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : CLARK, RICHARD E J | **SBI#** : 00477726 | **Institution** : HRYCI |
| **Grievance #** : 108403 | **Grievance Date** : 04/04/2007 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Inmate Status** : |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 04/04/2007 | **Incident Time** : |
| **IGC** : Moody, Mary | **Housing Location** : Building 1, East, Floor 1, Dorm II, Bunk 25, Bed A | |

### APPEAL REQUEST

Appeal received in the IGC's Office 9-12-07, dated 9-9-07
Yes at this time my lab work is being done on a consistent basis and I am seeing the hepatitis Dr. McDonald but that doesn't hide the fact of the prior medical negligence on behalf or CMS. None of this was being completed until after they were in receipt of notice of lawsuit case #07-239-JJF U.S. District Court. That doesn't make the prior mal-practice on behalf of Dr. Binion just disappear because they are doing it now I went through 4 months of seeing different doctors and much paperwork to get the proper treatment that I have now. Dr. Binion never filled the proper documentation to the Hepatitis doctor. My hep levels were outrageous he never gave me info, how can it be contracted, ect. He also never filled up on any blood work before I finally got another doctor to get my labs completed. On around the beginning of August before that April 23rd Dr. Binion denied me the hepatitis vaccination, just because they are being met now doesn't hide the med negligence before on behalf of CMS and Dr. Binion. Per my lawyer handling this matter Mr. Thomas Neuberger there is still a good chance of some type of retaliation because of the pending lawsuit. Mr. Neuberger and myself both concur on this matter. Why did it take me filing this lawsuit to get proper medical care especially when per Dr. MacDonald I contracted this virus February 07 during my incarceration at HRYCI. I have all proper work about 10 pages of medical neglect just on my behalf since July 07. Why did Dr. Binion neglect the fact of referring me to Dr. MacDonald when my levels were so outrageously high 1500 +. Per Dr. MacDonald I was never on his list to see him until August when Dr. Kendall referred me to him. Nothing the MGC has said can justify the fact of medical neglect. I believe if you were in the seat of the paperwork I possess you would agree with myself and Mr. Thomas Neuberger, PA. This whole situation with Dr. Binion and CMS falls under

### REMEDY REQUEST

Page 2
violation of my 8th Amendment Cruel and Unusual Punishment. Signed Richard Clark.