IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR.,              :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    Civ. Action No. 07-239-JJF
                                    :
WARDEN RAPHAEL WILLIAMS,            :
LT. SHEETS, JIM WELCH, and          :
DR. MCDONALD,                       :
                                    :
          Defendants.               :

**MEMORANDUM ORDER**

I.  **BACKGROUND**

Plaintiff Richard E. Clark, Jr. ("Plaintiff"), a prisoner incarcerated at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed a Complaint, Amended Complaint, and Second Amended Complaint pursuant to 42 U.S.C. § 1983. (D.I. 2, 8, 11.)  On October 12, 2007, Plaintiff filed a Motion For A Temporary Restraining Order And A Preliminary Injunction to stop Defendants' retaliatory conduct following the filing of his lawsuit. (D.I. 14.)  The Court ordered Defendant Raphael Williams ("Warden Williams") and Correctional Medical Services ("CMS") to respond to the Motion. (D.I. 16.)  Warden Williams asked for, and was granted, an extension of time to respond. (D.I. 23, 27.)  He filed his response on October 31, 2007. (D.I. 27, 28.)  CMS did not file a response.

## II.  STANDARD OF REVIEW

When considering a motion for a preliminary injunction Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest.  <u>Maldonado v. Houstoun</u>, 157 F.3d 179, 184 (3d Cir. 1997).  "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  <u>Continental Group, Inc. v. Amoco Chems. Corp</u>., 614 F.2d 351, 359 (3d Cir. 1980)(quoting <u>Holiday Inns of Am., Inc. v. B & B Corp.</u>, 409 F.2d 614, 618 (3d Cir. 1969)).  "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  <u>SI Handling Sys., Inc. v. Heisley</u>, 753 F.2d 1244, 1264 (3d Cir. 1985).

## III.  DISCUSSION

Plaintiff asks for injunctive relief so that he will no longer be a victim of manipulation and terrorist threats by the defendants and HYRCI staff.  (D.I. 14, ¶ 1.)  He alleges he contracted Hepatitis B during his incarceration at HRYCI.  He asserts he has been a victim of retaliatory conduct consisting of tampering with his legal mail, threats of placement in "the

-2-

hole," lack of medication, and that he is "in constant fear of abuse."

Plaintiff makes particular reference to Defendants Lt. Sheets ("Sheets") and Dr. Binnon ("Binnon"). Plaintiff asserts that Sheets intimidates him with threatening looks and statements. (D.I. 14, ¶ 5.) Plaintiff asserts that Binnon is the only chronic care physician at HYRCI, and that his "much needed meds are being discontinued." (Id. at ¶ 7.) Plaintiff also asserts he has several other medical needs that are not being addressed.

Following issuance of the October 18, 2007 Order, the Court was advised that, in light of Plaintiff's allegations, he was placed in protective custody on October 24, 2007, pending resolution of Plaintiff's Motion. (D.I. 24.) Two days later, on October 26, 2007, the Court was advised that Plaintiff waived his right to protective custody and asked for a return to general population, stating that he did not fear for his safety. (D.I. 25.)

Warden Williams opposes Plaintiff's Motion arguing that the evidence demonstrates that Defendants have not retaliated against Plaintiff and that Plaintiff will not suffer irreparable injury if the Motion is denied. (D.I. 28.) Warden Williams notes that Defendants were not served with Plaintiff's Complaint prior to

-3-

the filing of the Motion For Injunctive Relief.  He also notes that Plaintiff does not provide any specific facts of the alleged retaliatory acts by any of Defendants, but instead makes bald assertions.  Finally, Warden Williams points out that after Plaintiff was placed in protective custody, he signed a statement that he did not feel threatened and asked to be returned to general population.

Plaintiff replies that he did not ask to be placed in protective custody and that he felt more vulnerable to abuse by the staff while in protective custody.[1]  (D.I. 30.)  Plaintiff asserts that the transfer to protective custody was an act of retaliation.  Plaintiff goes on to state that unnamed HYRCI staff forced him to write the document that he never felt threatened, did not feel threatened at the present time, and never asked for a transfer.  Plaintiff seeks an immediate transfer from HYRCI to Sussex Correctional Institute.

Proof of a retaliation claim requires that Plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action.  Anderson v.

_____

[1]Plaintiff did not receive a copy of Defendant's response and asks that his Motion be granted as unopposed.

-4-

Davila, 125 F.3d 148, 160-61 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977); see also Allah v. Seiverling, 229 F.3d 220, (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

Plaintiff has not demonstrated the likelihood of success on the merits.  Initially, the Courts notes that Plaintiff fails to provide the Court with specific facts regarding the threats to place him "in the hole" and the tampering of his mail.  Further, Plaintiff has not proven that any protected activity in which he engaged was a substantial or motivating factor in Defendants' decisions to take the alleged adverse actions.  Indeed, Defendants have yet to be served in this case and Plaintiff has not proven they were aware of its filing.

Plaintiff asserts that Sheets intimidated him with threatening looks and statements.  "Threatening looks" do not implicate a violation of Plaintiff's constitutional rights.  Also, Plaintiff makes a general allegation of "statements", but does not state what Sheets allegedly said.  Regardless, verbal abuse and harassment do not rise to the level of a constitutional violation.  See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th

Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).  Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983.  Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

As to medical treatment, the medical records provided by Warden Williams indicate that Plaintiff's Hepatitis B condition is being monitored.  (D.I. 28.)  Indeed, Plaintiff acknowledges in a very recent grievance that "at this time [his] lab work is being done on a consistent basis and [he is] seeing the hepatitis" doctor.  (D.I. 28, Ex. C.)

For relief, Plaintiff asks the Court to order Defendants to transfer him to a different Department of Correction institution. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. Walls v. Taylor, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing Brathwaite v. State, No. 169, 2003 (Del. Dec. 29, 2003).  Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.  Olim v. Wakinekona, 461 U.S.

-6-

238, 251(1983).

Moreover, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979). The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination where to house Plaintiff.

Finally, it is Plaintiff's burden to prove he is entitled to injunctive relief, and the parties differing views of Plaintiff's recent placement in protective custody does not affect the Court's decision. Therefore, considering the facts adduced and the appropriate legal standard, the Court finds that Plaintiff has failed to meet the first prong necessary for injunctive relief and has not demonstrated the likelihood of success on the

merits.

**IV.    CONCLUSION**

Accordingly, for the reasons discussed, Plaintiff's Motion For A Temporary Restraining Order And Preliminary Injunction (D.I. 14) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

DATED: _____