**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD E. CLARK, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN RAPHAEL WILLIAMS, et al., )<br>)<br>Defendants. ) | Civil Action No. 07-239-JJF<br><br>Jury Trial Requested |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 49]**

COMES NOW, State Defendants Raphael Williams, Patrick Sheets and Jim Welch (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion for Appointment of Counsel (the "Motion to Appoint") (D.I. 49). In support of the Response, the State Defendants state as follows:

1. Plaintiff Richard E. Clark, Jr. ("Clark" or "Plaintiff") is an inmate presently incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Clark is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On May 2, 2007, Clark filed a Complaint pursuant to 42 U.S.C. § 1983 against the State Defendants, as well as various medical defendants, alleging, *inter alia*, that the defendants were violating his Eighth Amendment rights. (D.I. 2).

3. Less than two months after he filed his Complaint, Clark filed an Amended Complaint adding two defendants to the action (D.I. 8). Clark filed a Second

Amended Complaint adding further allegations against the defendants on July 31, 2007. (D.I. 11).

4. On October 12, 2007, Clark filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (the "Motion for Preliminary Injunction") alleging that the Defendants were retaliating against him for filing his lawsuit. (D.I. 14). The State Defendants filed an opposition to the Motion for Preliminary Injunction proving that the defendants were not retaliating against Clark. (D.I. 28). The Court agreed with the State Defendants and denied the Motion for Preliminary Injunction. (D.I. 31).

5. Since the denial of his Motion for Preliminary Injunction, Clark has propounded discovery requests on both the State Defendants and the medical defendants. (D.I. 39, 50).

6. On January 29, 2008, Clark filed the Motion to Appoint. (D.I. 49). In his Motion to Appoint, Clark contends that he should receive counsel because he is incarcerated and unable to afford counsel, the case is complex, he has a ninth grade education, and he is "participating in a program which is considered a therapeutic community isolated from the rest of the prison population and free time for access to the law library is limited." Motion to Appoint at ¶ 1-4. Plaintiff offers no specific reasons or special circumstances for why appointment of counsel is necessary in his case. Therefore, the Motion to Appoint should be denied.

7. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d

Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

8.  In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* (citing *Tabron*, 6 F.3d at 155-56, 157 n.5) (the "*Tabron* factors").

9.  In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. Considering all of the *Tabron* factors, Clark does not require appointed counsel at this time.

10. First, Clark has demonstrated an ability to present his own case. He has filed a Complaint and two Amended Complaints as well as a Motion for Preliminary Injunction. In addition Clark has already begun to utilize the discovery process by propounding discovery requests on both the State and medical defendants. Thus, despite

his assertion that he has limited access to resources, Clark is clearly able to utilize the tools of discovery, garner facts to support his case and present his claims to this Court.

11. Second, the allegations in this case are not of such a complex nature that representation by counsel is necessary. Clark claims that he has contracted Hepatitis C and that the defendants are being deliberately indifferent to his medical needs. Such claims are not complex and can likely be resolved through the discovery process.

12. Third, although some factual investigation is required, most of the facts are within the Plaintiff's knowledge. Further, to the extent Plaintiff needs to conduct any factual investigation, the Plaintiff may continue to utilize the tools of discovery. Thus Clark will have ample opportunity to fully investigate any factual issues. Finally, expert testimony does not appear necessary at this time.

13. Clark's Motion to Appoint fails to allege any special circumstances that require appointment of counsel. Therefore, in light of the *Tabron* factors and the facts of this case, Clark does not need or require the appointment of legal counsel at this time.

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          */s/ Erika Y. Tross*
          Erika Y. Tross (#4506)
          Deputy Attorney General
          820 N. French Street, 6th Floor
          Wilmington, DE 19801
          (302) 577-8400
              Attorney for the State Defendants

Dated: February 8, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD E. CLARK, JR.,            ) | |
|                                   ) | |
|     Plaintiff,                    ) | |
|                                   ) | Civil Action No. 07-239-JJF |
|     v.                            ) | |
|                                   ) | Jury Trial Requested |
| WARDEN RAPHAEL WILLIAMS, et al., ) | |
|                                   ) | |
|     Defendants.                   ) | |

## ORDER

Upon the Plaintiff's Motion for Appointment of Counsel (D.I. 49) and State Defendants' Response in Opposition to Plaintiff's Motion for Appointment of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Joseph J. Farnan
United States District Court Judge

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on February 8, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiff's Motion for Appointment of Counsel [Re: D.I. 49]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**
Inmate Richard E. Clark Jr.
SBI # 477726
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400