**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD E. CLARK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-239-JJF |
| v. | ) | |
| | ) | Jury Trial Requested |
| WARDEN RAPHAEL WILLIAMS et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**STATE DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES**</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, State Defendants Raphael Williams, James Welch and Patrick Sheets hereby respond to Plaintiff's Interrogatories[1] as follows:

<u>**GENERAL OBJECTIONS**</u>

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1.    State Defendants object to the Interrogatories to the extent they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2.    State Defendants object to the Interrogatories to the extent they seek information not in State Defendants' possession, custody or control on the ground that any such interrogatory exceeds the obligations imposed by the Federal Rules of Civil Procedure.

---

[1] It appears from the docket that Plaintiff did not file his Interrogatories with the Court.

3.      State Defendants object to the Interrogatories to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4.      State Defendants object to the Interrogatories to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5.      State Defendants object to the Interrogatories to the extent they are vague, ambiguous, or otherwise incomprehensible.

6.      State Defendants object to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7.      In providing responses to these Interrogatories, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8.      Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Interrogatories.

## RESPONSES TO INTERROGATORIES DIRECTED TO
## STATE DEFENDANT RAPHAEL WILLIAMS

**WILLIAMS INTERROGATORY NO. 1.:**Are you aware that in February, 2007 Mr. Anthony Stokes was housed on pod 2A cell 16 with Richard Clark?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it seeks information already in the possession, custody or control of the Plaintiff.  Subject to and without waiver of the foregoing general objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 2.:**Where [sic] you aware that prior to being housed on pod 2A Anthony Stokes was housed on pod 1C (Chronic Care) (Stokes went from 1C to 1E (the hole) to pod 2A)?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it seeks information protected from disclosure by 11 *Del. C.* § 4322.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 3.:**Did you have knowledge that Anthony Stoke was positive for AIDS (for over 10 years) and the Hepatitis B virus?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it seeks information protected from disclosure by 11 *Del. C.* § 4322.  By way of further response, State Defendant Williams objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 4.:**Where [sic] you aware that both prior and during Anthony Stokes' stay on 2A his AIDS virus lowered his white blood cell count so much that it caused numerous open lesions on him in which were bleeding perfusley [sic]?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it seeks information protected from disclosure by 11 *Del. C.* § 4322. By way of further response, State Defendant Williams objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant. State Defendant Williams further objects to this interrogatory on grounds that he is not aware that Anthony Stokes was diagnosed with AIDS. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 5.:**Do you believe there is a substantial risk of having a man in general population who is bleeding from open lesions that are caused from deadly diseases such as AIDS and Hepatitis B which are the exact ones Anthony Stokes was suffering from?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Williams objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant. State Defendant Williams further objects to this interrogatory on grounds that he is not aware that Anthony Stokes was diagnosed with AIDS and/or Hepatitis B. Subject to and without waiver of the foregoing general and

specific objections, State Defendant Williams states that an inmate's health status is determined by the medical provider.

**WILLIAMS INTERROGATORY NO. 6.:**Is it true that if you or your staff are contacted about a situation that consists of a man who has tested positive for both AIDS and the Hepatitis virus and are [sic] bleeding perfusley [sic]all over the cell because of the severity of the AIDS virus that you or your staff need to take action and do what is deemed appropriate for the health and safety of the inmates?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Williams objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant.  State Defendant Williams further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that the medical provider determines if an inmate requires isolation status because of an illness.

**WILLIAMS INTERROGATORY NO. 7.:**Were you in receipt of a letter from Richard Clark in which he was concerned because his Hepatitis levels were high and Dr. Binnon denied him the Hepatitis A vaccine and to be referred to the infectious disease Doctor [sic] Dr. McDonald?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Williams objects to this

interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that he does not recall.

**WILLIAMS INTERROGATORY NO. 8.:** Does one of your job duties consist of overseeing the fellow officers, Lieutenants, Captains etc. in H.R.Y.C.I.?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Williams objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 9.:** Does one of your job duties consist of making sure the H.R.Y.C.I. is ran correctly and to try to keep the inmate population safe and free from any form of being harmed and or any acts of cruel and unusual punishment?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Williams objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 10.:**     Are you aware that the AIDS virus is killed almost as soon as it comes in contact with air?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Williams objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant.  State Defendant Williams further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

**WILLIAMS INTERROGATORY NO. 12.:**     Are you aware that if not cleaned up properly the hepatitis B virus can survive for up to 7 days in wet or dry blood spills?[2]

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Williams objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant.  State Defendant Williams further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states no.

---

[2]  There is no Interrogatory designated No. 11.

**WILLIAMS INTERROGATORY NO. 13.:**    Does the State require you and or your staff to take a course in infectious disease, contraction, contamination, bio-hazard spills and or contamination clean-up?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that this is a part of an employee's initial training.

**WILLIAMS INTERROGATORY NO. 14.:**    If so, what does it state for clean-up for infectious waste for blood spills that contain AIDS or the Hepatitis virus?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Williams objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendant Williams further objects to this interrogatory on grounds that the information requested is protected from disclosure by 11 *Del. C.* § 4322.

**WILLIAMS INTERROGATORY NO. 15.:**    What is standard protocol for an inmate such as Richard Clark who has a cell mate such as Anthony Stokes who tests positive for AIDS and Hepatitis B and is bleeding perfusely [sic] because of his health exposing the deadly virus to the others in the cell?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible in its use of the phrases "standard protocol", "an

inmate such as Richard Clark" and "a cell mate such as Anthony Stokes". By way of further response, State Defendant Williams objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will attempt to respond to this interrogatory upon receipt of further clarification by the Plaintiff.

**WILLIAMS INTERROGATORY NO. 16.:** Were you in receipt of a letter dated 2-12-07 from Richard Clark stating he was concerned about his health being his cell mate Anthony Stokes was positive for AIDS and Hepatitis B and was bleeding perfusley [sic] because of an extremely low white blood cell count causing lesions all over his body?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Williams objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that he does not recall.

**WILLIAMS INTERROGATORY NO. 17.:** Are you aware that the only way to clean up a blood spill that is contaminated with hepatitis B and to prevent further contamination is 1) part bleach and 9) parts water?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Williams objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best

directed to another defendant. State Defendant Williams further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that he believes it's a solution of bleach and water.[3]

## RESPONSES TO INTERROGATORIES DIRECTED TO
## STATE DEFENDANT PATRICK SHEETS

**SHEETS INTERROGATORY NO. 1.:** At the Howard R. Young Correctional Institution you hold the rank of a Lieutenant, is that correct?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Sheets states yes.

**SHEETS INTERROGATORY NO. 2.:** If you were to receive a letter from an inmate stating his cell mate was positive for AIDS and Hepatitis B and due to the severity of his AIDS virus it was making his white blood cell count extremely low which was causing numerous lesions all over his body and they were bleeding perfusley [sic] exposing the others in the cell to the viruses. What is the standard protocol for a situation as such and how should it be handled?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible. By way of further response, State Defendant Sheets objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant. State Defendant Sheets further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of

---

[3] State Defendant Williams' Verification of his Responses to Plaintiff's Interrogatories is attached hereto as Exhibit A.

admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that medical personnel determine if isolation status is warranted.

**SHEETS INTERROGATORY NO. 3.:**     Did you receive a letter from Richard Clark Jr., dated 2/9/07 that stated Anthony Stokes in cell 16 on 2A with Richard Clark and Mr. Stokes is positive for both AIDS and the hepatitis B viruses. In which Stokes white blood cell count is so low because of the AIDS virus its caused open lesions all over his body and are bleeding perfuseley?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible.  By way of further response, State Defendant Sheets objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states no.

**SHEETS INTERROGATORY NO. 4.:**     Do you remember holding a conversation with Richard Clark which took place on 2A during a routine round you were making in February, 2007?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Sheets objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states no.

**SHEETS INTERROGATORY NO. 5.:**    During this conversation that took place on 2A between yourself and Richard Clark, Mr. Clark expressed his concerns about Anthony Stokes' condition, such as Stokes being positive for AIDS and hepatitis B and how his white blood cell count is extremely low due to the severity of his AIDS which were causing numerous lesions all over his body to bleed perfusley [sic]. Such lesions were exposing others including his cell mate Mr. Clark, your response was sometimes that happens, don't come back to jail. Do you recall this?

**RESPONSE:** See Response to Interrogatory No. 4.

**SHEETS INTERROGATORY NO. 6.:**    Do you believe there is a substantial health risk of housing a man infected with AIDS and hepatitis B viruses in general population when the severity of the AIDS has attacked his white blood cell count to where there are open lesions all over his body and now he is bleeding perfusley [sic] all over his clothes, bed, and cell with dried scabs scattered all over his bed and cell floor?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible.  By way of further response, State Defendant Sheets objects to this interrogatory on grounds that he is not a medical provider, this information is not within his possession and this interrogatory is best directed to another defendant. State Defendant Sheets further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that medical personnel determine if isolation status is warranted.

**SHEETS INTERROGATORY NO. 7.:**    Does the State require you to take a course on infectious diseases and contraction, contamination, bio-hazard spills and or contamination clean-up?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that he does not recall.

**SHEETS INTERROGATORY NO. 8.:**    If so, what does it state for clean-up for infectious waste, and or blood spills that are contaminated with AIDS and hepatitis B?

**RESPONSE:** See Response to Interrogatory No. 7.

**SHEETS INTERROGATORY NO. 9.:**    What is standard protocol for an inmate such as Richard Clark who has a cell mate such as Anthony Stokes who is infected with AIDS and Hepatitis B and his AIDS virus has gotten so severe that he has lesions that are bleeding perfusley [sic]? Exposing the others housed in the cell with him to these deadly diseases?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible in its use of the phrases "standard protocol", "an inmate such as Richard Clark" and "a cell mate such as Anthony Stokes".  By way of further response, State Defendant Sheets objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets will attempt to

respond to this interrogatory upon receipt of further clarification by the Plaintiff.[4]

## RESPONSES TO INTERROGATORIES DIRECTED TO
## STATE DEFENDANT JAMES WELCH

**WELCH INTERROGATORY NO. 1.:**     What is your position at the Department of Corrections?

**RESPONSE:** Subject to and without waiver of the foregoing general objections State Defendant Welch states that he is the Director of Health Services.

**WELCH INTERROGATORY NO. 2.:**     Does one of your job duties consist of overseeing (CMS) medical and make sure its running correctly and that the inmates are receiving proper care, service and treatment?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.   By way of further response, State Defendant Welch objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that he is responsible for the oversight of all health care contracts.

**WELCH INTERROGATORY NO. 3.:**     Were you in receipt of a letter from Richard Clark dated 6/10/07?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.   By way of further response, State Defendant Welch objects to this

---

[4] State Defendant Sheets' Verification of his Responses to Plaintiff's Interrogatories is attached hereto as Exhibit B.

interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that he has no indication that such a letter was ever received in his office.

**WELCH INTERROGATORY NO. 4.:** What is standard protocol for an inmate such as Richard Clark who is housed with a man such as Anthony Stokes who is infected with both AIDS and Hepatitis B viruses but his AIDS virus has become so severe that he has lesions all over his body due to the AIDS virus killing his white blood cell count exposing both Richard Clark and his cell mate?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible in its use of the phrases "standard protocol", "an inmate such as Richard Clark" and "a man such as Anthony Stokes". By way of further response, State Defendant Welch objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch will attempt to respond to this interrogatory upon receipt of further clarification by the Plaintiff.

**WELCH INTERROGATORY NO. 5.:** Are you aware that the AIDS virus is killed almost as soon as it comes in contact with air?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous. By way of further response, State Defendant Welch objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible

evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that scientific data is inconclusive on this point.

**WELCH INTERROGATORY NO. 6.:**    Are you aware that if not cleaned up properly the Hepatitis B virus can still be contracted in dry or wet form for up to 7 days?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Welch objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that scientific data is inconclusive on this point.

**WELCH INTERROGATORY NO. 7.:**    Does the State require you and your staff to take a course on infectious diseases, contraction, contamination, bio-hazard spills and/or contamination?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.  By way of further response, State Defendant Welch objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states no.

**WELCH INTERROGATORY NO. 8.:**    Are you aware that when Dr. Peter Binnon informed Richard Clark he had contracted Hepatitis B, that he seen [sic] Mr. Clark in his office twice concerning his Hepatitis B once in March and in April and that Dr. Ellis Kendal referred Mr. Clark to Dr. McDonald in July, 07?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible.  By way of further response, State Defendant Welch objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states no.[5]

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
    Attorney for the State Defendants

Dated: February 20, 2008

---

[5] State Defendant Welch's Verification of his Responses to Plaintiff's Interrogatories is attached hereto as Exhibit C.

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on February 20, 2008, I caused a true and correct copy of the attached *State Defendants' Responses to Plaintiff's Interrogatories* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Richard E. Clark Jr.
SBI # 477726
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

## (Verification of Raphael Williams)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR.,                    )
                                          )
     Plaintiff,                        )
                                          )
     v.                                )          C.A. No. 07-239-JJF
                                          )
WARDEN RAPHAEL WILLIAMS et al.,           )          Jury Trial Requested
                                          )
     Defendants.                       )


## VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.




_____
Raphael Williams

# EXHIBIT B

## (Verification of Patrick Sheets)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR.,      )
                                       )

        Plaintiff,         )
                                       )

        v.                 )        C.A. No. 07-239-JJF
                                       )

WARDEN RAPHAEL WILLIAMS et al.,  )        Jury Trial Requested
                                       )

        Defendants.       )

## VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

_Patrick Sheets_ (signature)
Patrick Sheets

# EXHIBIT C

## (Verification of James Welch)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR.,     )
                      )
     Plaintiff,        )
                      )
     v.             )        C.A. No. 07-239-JJF
                      )
WARDEN RAPHAEL WILLIAMS et al.,   )        Jury Trial Requested
                      )
     Defendants.      )

## VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

_____
James Welch