IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. CLARK, JR., | : |
| Plaintiff, | : |
| v. | : C.A. No. 07-239 JJF |
| WARDEN RAPHAEL WILLIAMS, et al., | : Jury Trial Requested |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion for Leave to Amend Complaint (D.I. 36), Plaintiff's Motion to Compel Production of Documents (D.I. 39), and Plaintiff's Motion to Appoint Counsel (D.I. 49). For the reasons discussed, the Motion for Leave will be granted and the Motion to Compel and the Motion to Appoint Counsel will be denied.

**I. BACKGROUND**

Plaintiff Richard E. Clark, Jr., ("Clark") an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) Clark initially named as Defendants Warden Raphael Williams, Lieutenant Sheets and Dr. Smith, all HRYCI employees.

By his complaint, Clark alleges that Defendants violated his

1

Eighth Amendment rights by housing him in a cell with an inmate infected with HIV and Hepatitis B, as well as by failing to provide him with medical treatment after he contracted Hepatitis B.  (D.I. 2).  Clark alleges that he wrote individual letters to Warden Williams and Lieutenant Sheets at the end of January of 2007, informing them of his cell mate's health and the fact that his cell mate was bleeding due to open lesions.  (Id.)  At the same time, he wrote a letter to Dr. Smith, head of Correctional Medical Services ("CMS") informing him of the same.  (D.I. 2.)  Clark alleges that no action was taken in response to his letters and that he contracted Hepatitis B from his cell mate.  Clark further alleges that he had never been exposed to the virus prior to his incarceration. (D.I. 2.)

Clark has amended his complaint twice and the Defendants remaining in this lawsuit are Warden Williams, Lieutenant Sheets, Jim Welch, and Dr. Peter Binnon.  (D.I. 8, 11.)  Clark seeks compensatory relief for his medical treatment, mental anguish, and pain and suffering resulting from his Hepatitis B infection.  (D.I. 36.)

On December 17, 2007, Clark filed a Motion for Leave to Amend his Complaint, seeking to sue defendants in their personal capacities for compensatory damages. (Id.)  Clark filed this Motion after learning that state officials cannot be sued for compensatory damages in their official capacities.  (Id.)

Defendants did not file a response. On December 21, 2007, Clark filed a Motion to Compel Production of Documents (D.I. 39) contending that he needs access to his medical records pre-dating July 2007 to pursue his claim against defendants, and on January 29, 2008, Clark filed a Motion to Appoint Counsel (D.I. 49).

**II. Pending Motions**

    **A. Motion for Leave to Amend Complaint**

Because Clark has already amended his pleading as a matter of course before Defendants' Answer was served, he may amend his pleading again "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). A district court has discretion to grant a motion to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), but "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a). A court should grant leave to amend in the absence of a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." Foman, 371 U.S. at 182. The non-moving party has the burden of proving that actual prejudice will result from amendment of the complaint. Kiser v. Gen. Elec. Co., 831 F.2d 423, 427-28 (3d Cir. 1987)(citations omitted).

By his Motion, Clark seeks to amend his Complaint to sue the

Defendants in their personal capacities. (D.I. 36). In his original Complaint, he named the Defendants in their official capacities only. He then learned that state officials cannot be sued for compensatory damages in their official capacities. (Id.)

The Court concludes that Clark's motion is not based on bad faith or a dilatory motive and that his error is the result of his pro se status. Further, as Defendants have not contested Clark's Motion to Amend, they have not met their burden of establishing that prejudice will result from the amendment. Thus, the Court will grant Clark's Motion to Amend the Complaint.

**B. Motion to Compel Production of Documents**

Federal Rule of Civil Procedure 26 provides, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Even if the information sought is not ultimately admissible at trial, it is discoverable so long as it is reasonably calculated to lead to the discovery of admissible evidence. Id. The Third Circuit recognizes that the federal rules "allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999)(citations omitted).

By his motion, Clark seeks production of his medical records which the Defendants are allegedly keeping from him. He contends that he submitted a medical grievance trying to obtain his

4

records consisting of sick call slips, prescriptions, lab work and results from tests which went unanswered. He acknowledges receipt of his records dating from July to September 2007 but contends that he needs records pre-dating July 2007 to move forward with his lawsuit and to prove the allegations therein.

Defendants contend, inter alia, that Clark's document request is overly broad and unduly burdensome. Clark requests records pre-dating July 2007 but does not specify a relevant time period from which he seeks them. Nor does he explain why these documents are necessary to move forward with his lawsuit. The Court will thus deny Clark's Motion to Compel; however, Clark is free to renew this Motion with more specificity.

**C. Motion to Appoint Counsel**

Indigent parties in civil cases do not have a constitutional or statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts have broad discretion to request counsel to represent indigent parties under 28 U.S.C. § 1915(e)(1). Id.; 28 U.S.C. § 1915(e)(1). Before exercising its discretion, the Court must find that the claimant's case has some arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold requirement is met, the Court applies a six factor test established by the Third Circuit to determine when it is appropriate for the Court to request counsel for the indigent

party:

    1) The plaintiff's ability to present his case;

    2) The difficulty of the legal issues;

    3) The degree to which factual investigation will be necessary and the plaintiff's inability to pursue such investigation;

    4) The plaintiff's ability to retain counsel on his own;

    5) The extent to which the case is likely to turn on credibility determinations; and

    6) Whether the case will require expert testimony.

Id. at 155-57. When most of these factors (the "Tabron factors") have been satisfied, a court should attempt to obtain counsel. Parham, 126 F. 3d, at 461.

The Court assumes solely for the purpose of deciding the pending Motion that Clark's claims have arguable merit. Therefore, the Court will consider the Tabron factors. Clark is unable to afford counsel and has been given leave to proceed in forma pauperis. This status notwithstanding, the Court finds that appointment of counsel is not warranted at this time.

Under the first Tabron factor, the Court "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Tabron, at 156. Here, Clark cites his lack of highschool and legal education in support of his Motion. (D.I. 49). However, Clark has

6

demonstrated an ability to present his own case. In addition to a Complaint and two Amended Complaints, he has filed numerous motions. Additionally, he has utilized the discovery process by making discovery requests of the defendants.

Further, the allegations in this case are not complex. Though a Section 1983 civil rights case alleging deliberate indifference to a prisoner's medical needs can raise complex issues, Montgomery v. Pinchak, 294 F.3d 492, 502 (3d Cir. 2002), that is not the case here. Clark contends that this is a complex case because it involves four different defendants, each of whom plays a different part in the lawsuit. (D.I. 49.) His underlying claim, however, that he contracted Hepatitis B and that the Defendants were indifferent to his medical needs is not particularly complex.

Furthermore, Clark is able to conduct a factual investigation without the assistance of counsel. Clark alleges that his participation in the Key Program isolates him from the rest of the prison population and thus limits his access to the law library. (D.I. 49). Though access to the courts by way of law libraries is guaranteed by the due process clause of the Fourteenth Amendment, "prison regulations which reasonably limit the times, places and manner in which inmates may engage in legal research and preparation of legal papers do not transgress this constitutional protection so long as the regulations do not

frustrate this access." Glasshofer v. Sennett, 444 F.2d 106, 107 (3d. 1971)(citing Johnson v. Avery, 393 U.S. 483, 490 (1968)). Here, there is no evidence suggesting that Clark's access to the law library has been frustrated. Clark alleges only that it has been limited. Nor is there evidence suggesting that Clark has been denied access to other resources necessary to conduct a factual investigation, such as a telephone or computer.

Finally, though Clark does assert a medical claim, it is not yet clear whether medical testimony will be required. The Court does recognize, however, that issues may arise in the course of this litigation which demonstrate Clark's need for expert testimony. If that occurs, the Court will consider a Renewed Motion for Appointment of Counsel.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Mr. Clark's Motion for Leave to Amend Complaint (D.I. 36) is **GRANTED**. Mr. Clark's Motion to Compel Production of Documents (D.I. 39) and Motion to Appoint Counsel (D.I. 49) are **DENIED**.

April 18, 2008

_____
UNITED STATES DISTRICT JUDGE