IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR., :
:
    Plaintiff, :
:
v. : C.A. No. 07-239 JJF
:
WARDEN RAPHAEL WILLIAMS, : Jury Trial Requested
:
    et al., :
:
    Defendants. :

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff Richard E. Clark, Jr.'s Motion for Preliminary Injunction (D.I. 59). For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

Plaintiff Richard E. Clark, Jr. ("Clark"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. By his complaint, Clark alleges that defendants violated his Eighth Amendment rights by housing him in a cell with an inmate infected with HIV and Hepatitis B, as well as by failing to provide him with medical treatment after he contracted Hepatitis B. (D.I. 2). Clark has amended his Complaint twice. The Defendants remaining in this lawsuit are Warden Raphael Williams, Lieutenant Sheets, Jim Welch and Dr. Peter Binnion[1] of Correctional Medical

---

[1] Dr. Binnion has yet been served with process in this matter and has filed a Motion to Dismiss the lawsuit for failure to serve pursuant to Rule 4 of the Federal Rules of Civil Procedure

Services ("CMS") (D.I. 8, 11).

On March 20, 2008, Clark filed a Motion for Preliminary Injunction requiring defendants to carry out an adequate plan of treatment. (D.I. 59.) By his Motion, Clark alleges that CMS and Dr. Binnion, specifically, did not perform the correct blood work because they drew an HIV viral load instead of a Hepatitis B viral load. (Id.) Clark alleges that one week later, he was called back to have the proper test done, but a Hepatitis C viral load was drawn instead of a Hepatitis B viral load. (Id.) Clark alleges that as a result of these mistakes, he has not yet seen an infectious disease doctor to treat his Hepatitis B.[2] (Id.)

## II. DISCUSSION

When considering a motion for a preliminary injunction, the Court must determine: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; (3) the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citations omitted). Plaintiff has the burden of

---

(D.I. 57).

[2]Clark also alleges that he does not receive pain medication for his chronic back and neck injuries on a regular basis. (Id.) He alleges that the medications are constantly out of stock but that the nurses indicate on the medical sheet that Clark receives them. (Id.) In the context of the present motion, the Court will only address the claims related to hepatitis.

showing the likelihood of success on the merits. <u>Campbell Soup Co. v. ConAgra, Inc.</u>, 977 F.2d 86, 90 (3d Cir. 1992). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." <u>Id</u>. (citations and internal quotation marks omitted). Further, a preliminary injunction should be issued only if all four factors favor injunctive relief. See <u>S & R Corp. v. Jiffy Lube Intern., Inc.</u> 968 F.2d 371, 374 (3d Cir. 1992).

After reviewing the parties' submissions, the Court concludes that injunctive relief is not warranted as Clark does not establish a likelihood of success on the merits. Clark has alleged a constitutional violation arising from inadequate medical care. In order to state an Eighth Amendment claim of inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). On the present record, the Court finds that Clark is unlikely to the carry the burden of proving deliberate indifference. Defendants may have drawn the wrong blood work initially, but by Clark's own admission, they called him back to draw the right blood work. Though Defendants allegedly drew the wrong blood work a second time, Clark has not alleged or presented any evidence that these mistakes were deliberate or intentional. Further, Dr. Binnion by his affidavit, asserts that

Dr. MacDonald, an infectious disease specialist, is monitoring Clark, a fact which suggests that defendants are not indifferent to Clark's condition. (D.I. 61, Exh. B.)  Dr. Binnion also asserts that Hepatitis B is not typically addressed with active treatment, particularly where the patient's liver function is not compromised. (Id.)  Clark's liver function tests, taken as recently as March 27, 2008, indicate that his liver is operating normally. (Id.)  In fact, Dr. Binnion asserts that in all his experience with Hepatitis B patients, he has never prescribed any active treatment for the disease. (Id.)  By his Motion, Clark essentially seeks to enjoin defendants to treat the virus despite Dr. Binnion's standard of not treating.  However, the decision not to pursue a particular treatment plan does not by itself constitute cruel and unusual punishment. See Estelle, 429 U.S. at 97.  At most, it is medical malpractice, id., which is not encompassed in an Eighth Amendment inadequate care claim.

    For the reasons discussed, the Court concludes that Clark has not established a likelihood of success on the merits with respect to his Eighth Amendment claim.  The Court therefore will not consider the remaining three factors. See Jiffy Lube, 968 F.2d at 374 ("A preliminary injunction should be issued only if all four factors favor injunctive relief.")

### III. CONCLUSION

For the reasons discussed, the Court concludes that Plaintiff has not demonstrated a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for a Preliminary Injunction (D.I. 59) is **DENIED**.

April 29, 2008                    _____
                                  UNITED STATES DISTRICT JUDGE