**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD E. CLARK, JR., )<br>)<br>Plaintiff, )<br>)     C.A. No. 07-239-JJF<br>v. )<br>)     Jury Trial Requested<br>WARDEN RAPHAEL WILLIAMS, et al., )<br>)<br>Defendants. ) | |

**STATE DEFENDANTS' RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES [RE:  D.I. 72]**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, State Defendants Raphael Williams, James Welch and Patrick Sheets hereby respond to Plaintiff's Second Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. State Defendants object to the Interrogatories to the extent they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. State Defendants object to the Interrogatories to the extent they seek information not in State Defendants' possession, custody or control on the ground that any such interrogatory exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. State Defendants object to the Interrogatories to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. State Defendants object to the Interrogatories to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. State Defendants object to the Interrogatories to the extent they are vague, ambiguous, or otherwise incomprehensible.

6. State Defendants object to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to these Interrogatories, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Interrogatories.

## RESPONSES TO INTERROGATORIES

### RESPONSES TO INTERROGATORIES DIRECTED TO
### STATE DEFENDANT RAPHAEL WILLIAMS

**WILLIAMS INTERROGATORY NO. 18.:** In accordance to the previous interrogatories (number 13) which stated "Does the State require you and or your staff to take a course in infectious disease, contraction, contamination, biohazzard [sic] spills and or contamination clean up" to which you replied "this is a part of the employes [sic] initial training". In avoidance of any misaprehention [sic], is the courses name and date completed recorded in the employee's formal training jacket?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous in its use of the phrase "formal training jacket". Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will attempt to respond to this interrogatory upon receipt of further clarification by the Plaintiff.

**WILLIAMS INTERROGATORY NO. 19.:** Can you do your best to paraphrase on what the course that you and your staff have to take on infectious disease, contraction, contamination, biohazard spills, and clean up (which is a part of the employees initial training) teaches?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Williams refers Plaintiff to his response to interrogatory 14.

**WILLIAMS INTERROGATORY NO. 20.:** What actions are you and your staff required to take when a man is bleeding perfusely [sic] from open lesions, who is infected with blood born diseases, and is exposing these blood born diseases to the others housed with him?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Williams refers Plaintiff to his response to interrogatory 6.

### RESPONSES TO INTERROGATORIES DIRECTED TO STATE DEFENDANT PATRICK SHEETS

**SHEETS INTERROGATORY NO. 10.:** In previous interrogatorie [sic] (number 7) which stated "Does the state require you and or your staff to take a course in infectious disease, contraction, contamination, biohazzard [sic] spills, and or contamination clean up" to which you replied "I do not recall" to clarify my understanding, do you or does the state keep a formal record of corses [sic] you have successfully completed?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets will attempt to respond to this interrogatory upon receipt of further clarification by the Plaintiff including, but not limited to, the types of courses to which he is referring.

**SHEETS INTERROGATORY NO. 11.:** What specific courses and or training have you taken in regards to infectious disease, blood born disease and or clean up?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Sheets refers Plaintiff to his response to interrogatory 7.

**SHEETS INTERROGATORY NO. 12.:** Briefly state your highest level of education obtained.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that he completed the 12th grade.

**SHEETS INTERROGATORY NO. 13.:** Do you believe it is professional for a man in the authority position such as your self to make statements like (sometimes this happens, if you don't like it don't come to jail) especialy [sic] when such conversation pertaines [sic] to a man being exposed to blood born diseases by a man housed in the quarter's?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets will attempt to respond to this interrogatory upon receipt of further clarification by the Plaintiff.

### RESPONSES TO INTERROGATORIES DIRECTED TO
### STATE DEFENDANT JAMES WELCH

**WELCH INTERROGATORY NO. 9.:** Do you have any creditentials [sic] in infections diescose [sic], contraction, contamination, biohazzard [sic] spills?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous in the use of the phrase "creditentials in infectious disease …". Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch will attempt to respond to this interrogatory upon receipt of further clarification.

**WELCH INTERROGATORY NO. 10.:** Have you ever taken any courses on blood born disease?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this question on grounds that it is neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states, yes.

**WELCH INTERROGATORY NO. 11.:** What do your job duties consist of as the Medical Service Administrator for the Department of Corrections?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Welch states that he is not the Medical Service Administrator. By way of further response, State Defendant Welch refers Plaintiff to his response to interrogatory 1.

**WELCH INTERROGATORY NO. 12.:**    How long have you held the position of Medical Service Administrator for the Department of Correction?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Welch refers Plaintiff to his response to interrogatory 11.  By way of further response, State Defendant Welch states that he has held the position of Director of Health Services since November 23, 2005.

**WELCH INTERROGATORY NO. 13.:**    What is your highest level of education?

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that he has a Bachelors Degree, is a licensed Registered Nurse and has a Holistic Nursing Certification.

                    **DEPARTMENT OF JUSTICE**
                    **STATE OF DELAWARE**

                    */s/ Erika Y. Tross*
                    Erika Y. Tross (#4506)
                    Deputy Attorney General
                    820 N. French Street
                    Wilmington, DE  19801
                    (302) 577-8400
                        Attorney for the State Defendants

Dated: June 2, 2008

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on June 2, 2008, I caused a true and correct copy of the attached ***State Defendants' Responses to Plaintiff's Second Set of Interrogatories*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Richard E. Clark Jr.
SBI # 477726
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

**MANNER OF DELIVERY:**

☐ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

☐ Two true copies by Federal Express

☐ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400