IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. CLARK, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-239 JJF |
| | : | |
| WARDEN RAPHAEL WILLIAMS, | : | |
| LT. SHEETS, JIM WELCH, | : | |
| and DR. BINNION | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT DR. BINNON'S**
**ANSWERS TO PLAINTIFF'S MEDICAL DEFENDANTS' INTERROGATORIES**

GENERAL OBJECTIONS

A. Defendant Dr. Binnon. ("Answering Defendant") objects to the Plaintiff's Medical Defendants Interrogatories (D.I. 71) insofar as they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure (the "Rules").

B. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories insofar as they seek information protected from disclosure as confidential or proprietary business information.

E. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories insofar as they seek information or documents already in the possession, custody or control of Plaintiff, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories insofar as the terms used therein are vague and ambiguous.

G. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H. Answering Defendant objects to the Plaintiff's Medical Defendants Interrogatories insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony and evidence from Plaintiff as to the basis, if any, of his claims.

I. Answering Defendant's failure to object to the Plaintiff's Medical Defendants Interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

J. These General Objections are incorporated into each of Answering Defendant's specific Answers to Plaintiff's Medical Defendants Interrogatories, and shall be deemed continuing as to each Interrogatory and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

K.  Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's Second Set of Interrogatories Directed to Correctional Medical Services. The fact that Answering Defendant has responded to the Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Interrogatories.

L.  To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

M.  These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## ANSWERS TO INTERROGATORIES

1. Did you see Richard Clark in your office in March 2007 in which you diagnosed him with the Hepatitis B Virus?

ANSWER: Dr. Binnon asked to see Mr. Clark after noticing abnormal findings on blood work done March 23, 2007. Mr. Clark was eventually diagnosed with Hepatitis B, but that diagnosis was not confirmed in March 2007. Dr. Binnon initially thought that Mr. Clark had acute Hepatitis A, but the hepatitis profile showed it to be Hepatitis B.

2.  You ordered lab work to be drawn on Mr. Clark in March 07. Can you state the test description, the chemistry levels or what was abnormally high or low on that particular report?

ANSWER: Objection. The lab report speaks for itself, and Dr. Binnon refers the Plaintiff to that report.

3.  You ordered lab work to be drawn in April 2007. Can you state the test description, and the chemistry levels or what was abnormally high or low on that particular report?

ANSWER: Objection. The lab report speaks for itself, and Dr. Binnon refers the Plaintiff to that report.

4.  Out of the lab work you ordered to be drawn from Mr. Clark which month had the highest levels?

ANSWER: Objection. This Interrogatory is vague and ambiguous. It is unclear whether Plaintiff is restricting the universe of lab work ordered to the two months referenced in the preceding two Interrogatories or whether he is referring to all the lab work that Dr. Binnon has ever ordered for Plaintiff. Dr. Binnon will reconsider this Interrogatory when it is clarified.

5.  Can you state the dates you seen (sic) Mr. Clark for follow ups pertaining to his Hepatitis B?

ANSWER: Dr. Binnon saw Mr. Clark on April 3, 2007 and again on December 3, 2007.

6.     Can you state the dates of all the lab work that you ordered to be drawn from Mr. Clark that was pertaining to his Hepatitis B?

ANSWER: Dr. Binnon ordered lab work on March 23, 2007.

7.     Mr. Clark had his first visit with Dr. McDonald August 8, 2007. Up until that date did you continue to monitor Mr. Clark's levels?

ANSWER: Dr. Binnon did not order any labs after March 23, 2007. Plaintiff was seen by other doctors at the prison in the interim.

8.     Did you order the Hepatitis A vaccination for Mr. Clark?

ANSWER:  No.  That vaccination was ordered by Dr. McDonald.

9.     Did you refer Mr. Clark to Dr. McDonald the infectious disease specialist?

ANSWER: I referred Mr. Clark to the Chronic Care Clinic for continued monitoring and treatment for his condition, where he would be seen and followed by the appropriate specialist.

10.    If someone tests positive for Hepatitis B with abnormally high levels how long should there (sic) Hepatitis levels and liver functions be monitored for?

ANSWER: Objection.  This Interrogatory calls for expert medical opinion testimony. Without waiving, and expressly reserving all objections, Dr. Binnon states that each patient will have different needs and therefore he cannot respond to this Interrogatory in the abstract.

12 (sic). Once the A.I.D.S. virus is exposed to air, what is the general life expectancy in wet or dry form?

ANSWER: Objection. This Interrogatory calls for expert medical testimony. Answering Defendant is not an expert in infectious disease.

13.    Once the Hepatitis B virus is exposed to air what is the general life expectancy in wet or dry form?

ANSWER: This Interrogatory calls for expert medical testimony. Answering Defendant is not an expert in infectious disease.

14.    Are you the chronic care doctor or the infectious disease doctor at the Howard R. Young Correctional Institution?

ANSWER: Objection. This Interrogatory is overly broad in that it not limited or defined temporally. Without waiving and expressly reserving all objections, Answering Defendant states that he is a chronic care physician at HRYCI and he also follows infectious disease patients along with Dr. McDonald.

15.    Are you an infectious disease doctor?

ANSWER: Answering Defendant is not a specialist in infectious disease.

16.    What medical field are you specialized in?

ANSWER: Internal medicine.

                                              BALICK & BALICK, LLC

                                                  /s/ James E. Drnec
                                          James E. Drnec, Esquire (#3789)
                                          711 King Street
                                          Wilmington, Delaware 19801
                                          302.658.4265
                                          Attorneys for Defendant Dr. Binnion

Date: July 29, 2008

## VERIFICATION UNDER OATH

I, Peter Binnon, M.D., hereby verify that DEFENDANT DR. BINNON'S ANSWERS TO PLAINTIFF'S MEDICAL DEFENDANTS' INTERROGATORIES and DEFENDANT DR. BINNON'S ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS MEDICAL DEFENDANTS are true and correct to the best of my knowledge.

_____
Dr. Peter Binnon

Notary Public    7/28/08

My Commission expires:

3/12/09

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 29th day of July 2008, the foregoing Defendant Dr. Binnon's Answers to Plaintiff's Medical Defendants' Interrogatories was filed via CM/ECF and served upon the following in the manner indicated:

| | |
|---|---|
| Richard E. Clark, Jr<br>SBI# 477726<br>Sussex Correctional Institution (SCI)<br>P.O. Box 500<br>Georgetown, DE 19947 | *VIA FIRST CLASS MAIL* |
| Erika Yvonne Tross<br>Delaware Department of Justice<br>820 North French Street<br>6th Floor<br>Wilmington, DE 19801 | *VIA CM/ECF FILING* |

                                          /s/ James E. Drnec
                                    James E. Drnec, Esquire (#3789)