IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. CLARK, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-239 JJF |
| | : | |
| WARDEN RAPHAEL WILLIAMS, | : | |
| LT. SHEETS, JIM WELCH, | : | |
| and DR. BINNION | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT DR. BINNON'S ANSWERS TO
PLAINTIFF'S REQUEST FOR ADMISSIONS MEDICAL DEFENDANTS**

GENERAL OBJECTIONS

A. Defendant Dr. Binnon. ("Answering Defendant") objects to the Plaintiff's Request for Admissions Medical Defendants (D.I. 70) insofar as they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure (the "Rules").

B. Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C. Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.  Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants insofar as they seek information or documents already in the possession, custody or control of Plaintiff, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Plaintiff's Request for Admissions Medical Defendants insofar as they seek information relevant to Answering Defendant's defenses on the ground that such requests are premature prior to the receipt of testimony and evidence from Plaintiff as to the basis, if any, of his claims.

I.  Answering Defendant's failure to object to the Plaintiff's Request for Admissions Medical Defendants on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

J.  These General Objections are incorporated into each of Answering Defendant's specific Answers to Plaintiff's Request for Admissions Medical Defendants, and shall be deemed continuing as to each request and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

K. Answering Defendant reserves the right to supplement or amend his responses and objections to the Plaintiff's Request for Admissions Medical Defendants The fact that Answering Defendant has responded to the requests or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Interrogatories.

L. To the extent an Answer to a Request for Admission is responsive to any or all other Requests, those Answers are deemed to be incorporated by reference to such other Requests.

M. These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

## ANSWERS TO REQUESTS FOR ADMISSION

1. (ADMIT) You are a heart specialist (cardiologist).

ANSWER: Admitted. By way of further answer, Dr. Binnon is also certified in Internal Medicine.

2. (ADMIT) You are not an infectious disease specialist.

ANSWER: Admitted.

3. (ADMIT) You never ordered a hepatitis viral load to be drawn on Richard Clark.

ANSWER: Admitted. The only viral loads Dr. Binnon orders are for patients with Hepatitis C.

4. (ADMIT) A Hepatitis B viral load tells the ordering physician the "strength" of the virus.

ANSWER: Objection. This Request is vague and ambiguous in that the word "strength" is stated in quotations as if to ascribe to it some unique meaning, yet no definition is provided. Answering Defendant will reconsider this Request when it is clarified.

5. (ADMIT) Dated lab report 3/24/07 you did not order.

ANSWER: Objection. This Request is vague and ambiguous. Assuming that Plaintiff is asking Answering Defendant to admit that he did not order the lab work that resulted in a lab report dated March 24, 2007, it is admitted. If some other interpretation is intended, Answering Defendant cannot respond until it is clarified.

6. (ADMIT) Dated lab report 3-24-07 Richard Clark's ALT (SGPT) level was 1567 (HI) with normal being (<40).

ANSWER: Objection. The document referred to speaks for itself. Admitted that those readings appear on a lab report bearing that date.

7.    (ADMIT) Dated lab report 3-24-07, Richard Clark's AST (SGOT) level was 714 (HI) with normal being (<37).

ANSWER:  Objection.  The document referred to speaks for itself.  Admitted that those readings appear on a lab report bearing that date.

8.    (ADMIT) Dated lab report 4-2-07 which you ordered, Richard Clark's ALT (SGPT) level was (*****) which exceeds BioReference's reporting limit of (2000).

ANSWER:  Objection.  The document referred to speaks for itself.  Admitted that Answering Defendant ordered lab work which resulted in a lab report dated April 2, 2007.  Admitted that such a report contains the symbol referenced herein.  Answering Defendant is without information sufficient to form a belief as to the truth of the remaining allegations.

9.    (ADMIT) Dated report 4-2-07 which you ordered, Richard Clark's AST (SGOT) level was 1285 (HI) normal being (<37).

ANSWER:  Objection.  The document referred to speaks for itself.  Admitted that Answering Defendant ordered lab work which resulted in a lab report dated April 2, 2007.  Admitted that those readings appear on a lab report bearing that date.

10.   (ADMIT) Dated report 4-24-07 ordered by you, Richard Clarks, iron, Bilirubin, (AST SGOT), ALT (SGPT), and G-GYP levels were all in the abnormal range rated (HI).

5

ANSWER:    Objection.  The document referred to speaks for itself.  Admitted that Answering Defendant ordered lab work which resulted in a lab report dated April 24, 2007.  Admitted that those readings appear on a lab report bearing that date.

11.    (ADMIT) After dated report 4-24-07, you never ordered following labs to ensure all of Richard Clark's functions were in normal result range.

ANSWER:    Admitted.   Plaintiff was seen by other doctors.

12.    (ADMIT) After dated lab report 4-24-07 which was ordered by you, Richard Clark was never seen by you for follow up on his acute Hepatitis B Infection.

ANSWER:    Denied.   Dr. Binnon saw the Plaintiff on December 3, 2007.

13.    (ADMIT) You did not refer Richard Clark to the Infectious Disease Specialist, Dr. McDonald.

ANSWER:  Denied.

14.    (ADMIT)  On December 3, 2007, you seen (sic) Richard Clark for a matter unrelated to his Hepatitis B, however, you informed Richard Clark that he was over his Hepatitis B in August.

ANSWER:  Denied.  Dr. Binnon does not recall the precise language he used to express to Plaintiff that his hepatitis enzymes had returned to normal range at that time.

6

15.     (ADMIT)  On December 3, 2007, in Richard Clark's medical file you made a note that stated "he was over the hep B in August."

ANSWER:     Objection.  The document referred to speaks for itself.  By way of further Answer, Dr. Binnon admits those words appear in his December 3, 2007 Progress Note. By those words Dr. Binnon meant to express that Plaintiff's hepatitis enzymes had returned to normal range at that time.

16.     You never ordered a Hepatitis A vaccination for Richard Clark.

ANSWER:     Admitted, however a Hepatitis A vaccine was ordered by Dr. McDonald on August 8, 2007.

                              BALICK & BALICK, LLC

                              /s/ James E. Drnec
                            James E. Drnec, Esquire (#3789)
                            711 King Street
                            Wilmington, Delaware 19801
                            302.658.4265
                            Attorneys for Defendant Dr. Binnion

Date:   July 29, 2008

## VERIFICATION UNDER OATH

I, Peter Binnon, M.D., hereby verify that DEFENDANT DR. BINNON'S ANSWERS TO PLAINTIFF'S MEDICAL DEFENDANTS' INTERROGATORIES and DEFENDANT DR. BINNON'S ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS MEDICAL DEFENDANTS are true and correct to the best of my knowledge.

_____
Dr. Peter Binnon

_____  7/28/08
Notary Public

My Commission expires:

3/12/09

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 29th day of July 2008, the foregoing Defendant Dr. Binnon's Answers to Plaintiff's Request for Admissions Medical Defendants was filed via CM/ECF and served upon the following in the manner indicated:

Richard E. Clark, Jr                                *VIA FIRST CLASS MAIL*
SBI# 477726
Sussex Correctional Institution (SCI)
P.O. Box 500
Georgetown, DE 19947

Erika Yvonne Tross                                 *VIA CM/ECF FILING*
Delaware Department of Justice
820 North French Street
6th Floor
Wilmington, DE 19801

                                          /s/ James E. Drnec
                                      James E. Drnec, Esquire (#3789)