**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RICHARD E. CLARK, JR.,     )
                               )
      Plaintiff,         )
                               )     C.A. No. 07-239-JJF
      v.             )
                               )     Jury Trial Requested
WARDEN RAPHAEL WILLIAMS et al.,   )
                               )
      Defendants.     )

**STATE DEFENDANTS' COMBINED FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF</u>**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), State Defendants Raphael Williams, James Welch and Patrick Sheets hereby propound to Plaintiff Richard E. Clark, Jr., the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests", together with the Interrogatories, the "Discovery Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

<u>**DEFINITIONS**</u>

1.     "State Defendants," shall mean Defendants Raphael Williams, James Welch and Patrick Sheets.

2.     "Plaintiff," "you," or "your" shall mean plaintiff Richard E. Clark, Jr.

3.     "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.     "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.      "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.      "HRYCI" shall mean the Howard R. Young Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of HRYCI.

7.       "Person" refers to any individual, corporation, partnership, association or other entity.

8.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memorandum, book summarizing, ledger or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10.     The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11.     The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

12.    "Identify" when used with respect to a person means to provide the following information:

(a) the name, telephone number, and residential address of the person; and

(b) the name of the present employer, place of employment, business and job title of the person.

13.    "Identify" when used with respect to an entity means to provide the following information:

(a) the name, telephone number and address of the entity; and

(b) the name of the entity's owners, principals, officers, and/or partners.

14.    "Identify" when used with respect to a document means to provide the following information:

(a) the nature of the document (e.g., letter, contract, memorandum, etc.);

(b) the date of the document;

(c) the preparer and/or source of the document and all recipients of the document;

(d) the substance in detail of the document; and

(e) each person who now has custody, possession or control of the document.

15.    "Identify" when used with respect to a communication means to provide the following information:

(a) the date of the communication;

(b) whether the communication was oral or written;

(c) any person who sent, received, or had knowledge of the communication;

(d) the substance in detail of the communication; and

(e) any document embodying the communication.

## <u>INSTRUCTIONS</u>

1.      Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.      For any answer in which you claim the information sought is unknown or unavailable, please state what efforts were made to obtain the information, who made those efforts, to whom communications were directed, and the results of those efforts.

4.      Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after January 1, 2007.

5.      These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    With respect to each of the claims asserted in your Complaint, state the following:

a.    identify all facts that refute, relate to, or support your claims;

b.    identify the specific behavior or conduct that you allege that each State Defendant engaged in;

c.    the names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof.

d.    identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE:**

**INTERROGATORY NO. 2:**    Identify (a) every communication you have had with anyone, other than your attorney, concerning the claims asserted in your Complaint, including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 3:**    Identify (a) every communication you have had with the State Defendants concerning the claims asserted in your Complaint; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 4:**    If you allege that you filed an inmate grievance relating to the claims asserted in your Complaint, what date was said grievance filed on? If your grievance was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 5:**    Identify each and every document in your possession and control that relates to the claims asserted in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 6:**     Identify any individual you allege witnessed in any manner any aspect of the claims asserted in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 7:**     Describe in detail your claim that Anthony Stokes allegedly has AIDS and/or Hepatitis B.  Identify in your description documents you claim you saw that stated that Inmate Stokes has AIDS and/or Hepatitis B.

**RESPONSE:**

**INTERROGATORY NO. 8:**　　Describe in detail your belief that you received Hepatitis B from Inmate Anthony Stokes.　Include in your description any sexual relationship you had with Inmate Stokes and the date of such relationship, any sharing of needles that took place between you and Inmate Stokes and the date such sharing took place, and any physical fights or altercations you had with Inmate Stokes and the date on which such fights or altercations took place.

**RESPONSE:**

**INTERROGATORY NO. 9:**　　Describe in detail your substance abuse and/or drug use history including, but not limited to, your use of intravenous drugs prior to your incarceration at HRYCI in January 2007.

**RESPONSE:**

**INTERROGATORY NO. 10:**  Describe in detail any tattoos or piercings you have including where you have a tattoo or piercing, the date on which you received the tattoo or piercing, what business or individual gave you the tattoo or piercing and whether the tattoo or piercing was performed using a sterilized needle.

**RESPONSE:**

**INTERROGATORY NO. 11:**  Describe in detail any sexual relationship you have had while incarcerated before, during or after January 2007, including but not limited to any sexual relationship you had with Inmate Anthony Stokes.

**RESPONSE:**

**INTERROGATORY NO. 12:**   Describe in detail any letters you sent to and/or communications you had with the State Defendants including the date on which such letters and/or communications were written or took place, the content of the letters and/or communications and any responses you received to such letters and/or communications.

**RESPONSE:**

**INTERROGATORY NO. 13:**   Describe any medical treatment you have received or are currently receiving for Hepatitis B, specifically addressing:

        a.    whether you requested any medical treatment at HRYCI which you believe in any way resulted from the allegations in your Complaint; and

        b.    the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 14:**    Describe any medical treatment you received for any infectious disease other than Hepatitis B.   Include in your description the type of infectious disease you were treated for, the date(s) on which you received treatment, the type of treatment you received and the doctor or medical provider who administered the treatment.

**RESPONSE:**

**INTERROGATORY NO. 15:**    Identify each document in your possession and control that relates to the injuries you allegedly sustained from the claims asserted in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 16:**  Identify each document in your possession and control that relates to your claim that you contracted Hepatitis B from Anthony Stokes.

**RESPONSE:**

**INTERROGATORY NO. 17:**  Describe in detail your claim in your Complaint that Dr. McDonald "assured me that I contracted this very serious disese [sic] in Feb 2007."  Include in your description the date this alleged statement was made, any other individuals who were present when Dr. McDonald made the statement and any letters or documents in which such statement is written.

**RESPONSE:**

**INTERROGATORY NO. 18:**  Identify all physicians you have seen or been treated by in the past ten (10) years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:**

**INTERROGATORY NO. 19:**  Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

**INTERROGATORY NO. 20:**  Identify all employment you have had in the past fifteen (15) years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

**INTERROGATORY NO. 21:**  State the total amount of damages you are claiming and the computation used to arrive at the sum.

**RESPONSE:**

**INTERROGATORY NO. 22:**  Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**RESPONSE:**

**INTERROGATORY NO. 23:**  Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 24:**  Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

**REQUEST NO. 1:**    All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 2:**    All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 3:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following January 1, 2007 regarding your diagnoses and treatment of Hepatitis B.

**RESPONSE:**

**REQUEST NO. 4:**    All sick call slips you filed referring or relating to any injury you claim you suffered as a result of the allegations in your Complaint.

**RESPONSE:**

**REQUEST NO. 5:**    All grievances you filed referring or relating to the claims asserted in your Complaint.

**RESPONSE:**

**REQUEST NO. 6:**    All documents, letters or communications you sent to the State Defendants regarding the claim in your Complaint that you were living under "adverse" conditions.

**RESPONSE:**

**REQUEST NO. 7:**     All documents, letters or communications you sent to the State Defendants regarding the claim in your Complaint that Anthony Stokes was bleeding in your cell.

**RESPONSE:**

**REQUEST NO. 8:**     Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following January 1, 2007 that indicate that you received Hepatitis B in February 2007.

**RESPONSE:**

**REQUEST NO. 9:**     Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or other any other medical records, whether generated prior to, on or following January 1, 2007 that indicate that you contracted Hepatitis B from Anthony Stokes.

**RESPONSE:**

**REQUEST NO. 10:**  Any and all documents which comprise any diary, journal, log, or other written account of the claims asserted in your Complaint or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries which pre-exist your incarceration.

**RESPONSE:**

**REQUEST NO. 11:**  With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

       a.    all documents provided to or reviewed by the expert;

       b.    a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

       c.    all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

       d.    all documents upon which the expert's findings, conclusions and/or opinions are based; and

       e.    all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

**REQUEST NO. 12:**  All documents you intend to introduce into evidence at the

trial of this action.

**RESPONSE:**


                                    **DEPARTMENT OF JUSTICE**
                                    **STATE OF DELAWARE**


                                    */s/ Erika Y. Tross*
                                    Erika Y. Tross (#4506)
                                    Deputy Attorney General
                                    820 N. French Street, 6th Floor
                                    Wilmington, DE  19801
                                    (302) 577-8400
                                    Attorney for State Defendants


Dated: August 11, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on August 11, 2008, I caused a true and correct copy of the attached ***State Defendants' Combined First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff*** to be served on the following individuals in the form and manner indicated:

**<u>Via First Class Mail</u>**
Inmate Richard E. Clark Jr.
SBI # 477726
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

**<u>Via Electronic Delivery</u>**
James E. Drnec, Esquire
Balick & Balick
711 King St.
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400