**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RICHARD E. CLARK, JR.,         )
                                     )
        Plaintiff,          )
                                     )    C.A. No. 07-239-JJF
        v.                 )
                                     )    Jury Trial Requested
WARDEN RAPHAEL WILLIAMS, et al.,  )
                                     )
        Defendants.       )

**STATE DEFENDANTS' RESPONSES TO PLAINTIFF'S CLARIFICATION OF
CERTAIN INTERROGATORIES FOR STATE DEFENDANTS [RE:  D.I. 92]**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, State Defendants
Raphael Williams, James Welch and Patrick Sheets hereby respond to Plaintiff's
Clarification of Certain Interrogatories for State Defendants (the "Interrogatories") as
follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by
reference into each individual response herein, whether or not expressly incorporated by
reference in such individual response:

1.      State Defendants object to the Interrogatories to the extent they seek to
obtain information protected from disclosure by the attorney-client privilege, the attorney
work product doctrine, or any other applicable protections or privileges.

2.      State Defendants object to the Interrogatories to the extent they seek
information not in State Defendants' possession, custody or control on the ground that
any such interrogatory exceeds the obligations imposed by the Federal Rules of Civil
Procedure.

3.      State Defendants object to the Interrogatories to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4.      State Defendants object to the Interrogatories to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5.      State Defendants object to the Interrogatories to the extent they are vague, ambiguous, or otherwise incomprehensible.

6.      State Defendants object to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7.      In providing responses to these Interrogatories, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8.      Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Interrogatories.

<u>**RESPONSES TO INTERROGATORIES**</u>

**RESPONSES TO INTERROGATORIES DIRECTED TO**
<u>**STATE DEFENDANT RAPHAEL WILLIAMS**</u>

<u>**WILLIAMS INTERROGATORY NO. 18.:**</u>     In accordance to the previous interrogatory (No. 13) which stated "Does the State require you and or your staff to take a course on infectious disease, contamination, contraction, biohazard spills, and contamination clean up" to which you repled [sic] "this is a part of the employee's initial training" in avoidance of any misapprehention [sic], is the course's name, date completed and the name by whom completed the course on record?"

<u>**RESPONSE:**</u> State Defendant Williams incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous.    Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that upon information and belief records are kept of the courses officers take at the academy.

**RESPONSES TO INTERROGATORIES DIRECTED TO**
<u>**STATE DEFENDANT PATRICK SHEETS**</u>

<u>**SHEETS INTERROGATORY NO. 9.:**</u>     What are you required to do if you are contacted by an inmate, and his cell mate has blood born disease's [sic] in which he is bleeding perfusely in the cell exposing the others in the cell with him?

<u>**RESPONSE:**</u> State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague, ambiguous and incomprehensible.    State Defendant Sheets further objects to this interrogatory on grounds that he is not a medical provider and this interrogatory is best directed to another defendant.    State Defendant Sheets also objects to this interrogatory

on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to
and without waiver of the foregoing general and specific objections, State Defendant
Sheets states that he would contact medical personnel and follow their advice.  By way of
further response, State Defendant Sheets states that he did not receive a letter from
Inmate Clark stating that his cell mate was bleeding profusely nor does he recall having a
conversation with Inmate Clark about Clark's cell mate bleeding profusely.

**SHEETS INTERROGATORY NO. 10.:**    In  previous  interrogatory  (No.  7)
which stated "Does the State require you and or your staff to take a course on infectious
disease contraction, contamination cleanup" to which you replied "I do not recall".  To
clarify  my  understanding  have  you  completed  an  education  course  on  blood  born
pathogens (infectious disease).

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing
general objections and further objects to this interrogatory on grounds that it is unlikely to
lead  to  the  discovery  of  admissible  evidence.   Subject  to  and  without  waiver  of  the
foregoing general and specific objections, State Defendant Sheets states that he does not
recall.  By way of further response, State Defendant Sheets states that, to the best of his
recollection,  all  officers  receive  some  instruction  in  the  academy  on  infectious  or
contagious diseases.

**SHEETS INTERROGATORY NO. 13.:**    If an inmate is expressing his concern to a Lieutenant about how his cell mate is bleeding all over the cell exposing the others in the cell to the man's blood born disease's [sic] and the Lieutenant answers him with (sometime's [sic] this happens if you don't like it don't come to jail.)   Do you believe this is an appropriate answer?

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is vague and ambiguous in its use of the term "appropriate answer".   State Defendant Sheets further objects to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.   Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that he will attempt to answer this interrogatory on receipt of clarification of what Plaintiff deems to be an appropriate answer.   By way of further response, State Defendant Sheets states that he did not receive a letter from Inmate Clark stating that his cell mate was bleeding profusely nor does he recall having a conversation with Inmate Clark about Clark's cell mate bleeding profusely.

### RESPONSES TO INTERROGATORIES DIRECTED TO STATE DEFENDANT JAMES WELCH

**WELCH INTERROGATORY NO. 4.:**    What should be done to resolve the issue when a man is bleeding perfusely [sic] from open lesions all over his body (he is infected with A.I.D.S. and Hepatitis B) how the others who reside in his cell are exposed to these blood born pathogens.

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this interrogatory on grounds that it is incomprehensible.   State Defendant Welch further objects to this interrogatory on

grounds that it is vague.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that the type of action taken when an inmate is bleeding in his cell depends on certain factors and circumstances.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
    Attorney for the State Defendants

Dated: August 11, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on August 11, 2008, I caused a true and correct copy of the attached ***State Defendants' Responses to Plaintiff's Clarification of Certain Interrogatories for State Defendants [Re:  D.I. 92]*** to be served on the following individuals in the form and manner indicated:

**<u>Via First Class Mail</u>**
Inmate Richard E. Clark Jr.
SBI # 477726
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

**<u>Via Electronic Delivery</u>**
James E. Drnec, Esquire
Balick & Balick
711 King St.
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400