**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RICHARD E. CLARK, JR.,       )
                              )
      Plaintiff,         )
                              )    C.A. No. 07-239-JJF
      v.               )
                              )    Jury Trial Requested
WARDEN RAPHAEL WILLIAMS, et al.,  )
                              )
      Defendants.      )

**STATE DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST
FOR ADMISSIONS FOR STATE DEFENDANTS [RE: D.I. 93]**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, State Defendants

Raphael Williams, James Welch and Patrick Sheets hereby respond to Plaintiff's Request

for Admissions for State Defendants (the "Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by

reference into each individual response herein, whether or not expressly incorporated by

reference in such individual response:

1.     State Defendants object to the Requests to the extent they seek to obtain

information protected from disclosure by the attorney-client privilege, the attorney work

product doctrine, or any other applicable protections or privileges.

2.     State Defendants object to the Requests to the extent they seek

information not in State Defendants' possession, custody or control on the ground that

any such request exceeds the obligations imposed by the Federal Rules of Civil

Procedure.

3.      State Defendants object to the Requests to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4.      State Defendants object to the Requests to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5.      State Defendants object to the Requests to the extent they are vague, ambiguous, or otherwise incomprehensible.

6.      State Defendants object to the Requests to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7.      In providing responses to these Requests, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8.      Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Requests.

## RESPONSES TO REQUESTS FOR ADMISSION

### RESPONSES TO REQUESTS DIRECTED TO
### STATE DEFENDANT RAPHAEL WILLIAMS

**WILLIAMS REQUEST NO. 1.:**   Admit there is a risk of housing a person with someone, when the person is infected with a blood born disease such as AIDS or Hepatitis B, in which such person that is infected is bleeding perfusley [sic] from open lesions.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Williams also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that he is unable to admit or deny this request as he is not a medical provider and an inmate's health status is determined by the medical provider.

**WILLIAMS REQUEST NO. 2.:**   Admit if you or your staff are contacted about a situation such as a man who is infected with a blood born disease and he is bleeding all over the the [sic] quarters which he resides in, that you and or your staff needs to take whatever action deemed appropriate to resolve the issue in an expeditious manner.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Williams also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant.  Subject to and without waiver of the foregoing general and specific objections, State Defendant

Williams states that he is unable to admit or deny this request as he is not a medical provider and an inmate's health status is determined by the medical provider.

**WILLIAMS REQUEST NO. 3.:**    Admit the state keeps record of all the courses the employees take and complete.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Williams also objects to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that he is unable to admit or deny this request as he is not the "state".

**WILLIAMS REQUEST NO. 4.:**    Admit you have no knowledge of the infectious risk of being in contact and or being exposed to blood infected with the AIDS or Hepatitis B virus.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Williams also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that this request is denied.

**WILLIAMS REQUEST NO. 5.:**    Admit you have no knowledge of how long the AIDS or the Hepatitis B virus can survive once exposed to air.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and

ambiguous.  State Defendant Williams also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams states that he is unable to admit or deny this request as he is not an infectious disease specialist.

**WILLIAMS REQUEST NO. 6.:**    **Plaintiff did not write anything next to Request number 6.**

### RESPONSES TO REQUESTS DIRECTED TO
### STATE DEFENDANT PATRICK SHEETS

**SHEETS REQUEST NO. 1.:**    Admit with the inmates you receive mail from and the inmates you see, talk to, and work around on a daily basis, if you were in receipt of a letter dated February 9, 2007, you would not rember [sic] receiving that letter 1 year and 11 day's later.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Sheets also objects to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that this request is denied.

**SHEETS REQUEST NO. 2.:**    Admit if you held a conversation with a inmate February 2007, you wouldn't remember the contents of that conversation 1 year later.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing

general objections and further objects to this request on grounds that it is vague and ambiguous. State Defendant Sheets also objects to this request on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that this request is denied.

**SHEETS REQUEST NO. 3.:**     Admit there is a risk with housing a person with someone in the same cell, when that person is infected with a blood born disease such as AIDS and or Hepatitis B in which such person that is infected is bleeding perfusley [sic] due to open liesions [sic] all over himself and the cell.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous. State Defendant Sheets also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that he is unable to admit or deny this request as he is not a medical provider and an inmate's health status is determined by the medical provider.

**SHEETS REQUEST NO. 4.:**     Admit if you or your staff are contacted about a situation such as a man who is infected with a blood born disease (such as AIDS and or Hepatitis B) and that man is bleeding perfusley [sic] all over the quarters in which he resides exposing the others that reside in that quarter with him, that you and or your staff need to take whatever action deemed appropriate to resolve the issue in a exbaditious [sic] manner.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing

general objections and further objects to this request on grounds that it is vague and ambiguous. State Defendant Sheets also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that he is unable to admit or deny this request as he is not a medical provider and an inmate's health status is determined by the medical provider.

**SHEETS REQUEST NO. 5.:**    Admit you have no knowledge of the infectious risk of being in contact and or being exposed to blood infected with AIDS and or Hepatitis B.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous. State Defendant Sheets also objects to this request on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendant Sheets further objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets states that this request is denied.

**SHEETS REQUEST NO. 6.:**    Admit you have no knowledge of how long the AIDS and or Hepatitis B virus can survive once exposed to air.

**RESPONSE:** State Defendant Sheets incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous. State Defendant Sheets also objects to this request on grounds that he is not a medical provider and this request is best directed to another defendant. Subject to and without waiver of the foregoing general and specific objections, State Defendant Sheets

states that he is unable to admit or deny this request as he is not an infectious disease
specialist.

## RESPONSES TO REQUESTS DIRECTED TO
## STATE DEFENDANT JAMES WELCH

**WELCH REQUEST NO. 1.:**        Admit if you received a letter in June 07 you
would not remember that letter nor the contents of that letter 8 months later.

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing
general objections and further objects to this request on grounds that it is vague and
ambiguous.  State Defendant Welch also objects to this request on grounds that it is
unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver
of the foregoing general and specific objections, State Defendant Welch states that this
request is denied.

**WELCH REQUEST NO. 2.:**        Admit there is a risk with housing a person
with someone in the same quarters, when that person is infected with a blood born
disease such as AIDS and or Hepatitis B, in which such person is bleeding perfusley [sic]
from open lesions.

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing
general objections and further objects to this request on grounds that it is vague and
ambiguous.  State Defendant Welch also objects to this request on grounds that it is
unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver
of the foregoing general and specific objections, State Defendant Welch states that he is
unable to admit or deny this request because the risk depends on certain factors and
circumstances.

**WELCH REQUEST NO. 3.:**        Admit you have no knowledge of the infectious risk of being in contact and or being exposed to blood infected with AIDS and or Hepatitis B virus.

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Welch also objects to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that this request is denied.

**WELCH REQUEST NO. 4.:**        Admit you have no knowledge of how long the AIDS virus nor the Hepatitis B virus lives once exposed to air.

**RESPONSE:** State Defendant Welch incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague and ambiguous.  State Defendant Welch also objects to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Welch states that he is unable to admit or deny this request as he has read some studies on the subjects but he is not an infectious disease physician.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
        Attorney for the State Defendants

Dated: August 19, 2008

# <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on August 19, 2008, I caused a true and correct copy of the attached *State Defendants' Responses to Plaintiff's Request for Admissions for State Defendants [Re: D.I. 93]* to be served on the following individuals in the form and manner indicated:

**<u>Via First Class Mail</u>**
Inmate Richard E. Clark Jr.
SBI # 477726
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

**<u>Via Electronic Delivery</u>**
James E. Drnec, Esquire
Balick & Balick
711 King St.
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400