IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR., : : : v. : Civil Action No. 07-239-JJF : WARDEN RAPHAEL WILLIAMS, LT. SHEETS, JIM WELCH, and DR. PETER BINNON, : : : : Defendants. :

**MEMORANDUM ORDER**

Pending before the Court are Defendant Dr. Peter Binnion's Motion To Strike Response To Objections and Plaintiff's Request For Counsel and Motion To Take Depositions Of Defendants. (D.I. 89, 94, 118.)

**I. BACKGROUND**

Plaintiff Richard E. Clark ("Plaintiff"), an inmate at the Sussex Work Release Unit, Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been given leave to proceed without prepayment of fees. (D.I. 4.) Plaintiff alleges that Defendants violated his Eighth Amendment rights when they housed him in a cell with an inmate infected with HIV and Hepatitis B and failed to provide him with medical treatment after he contracted Hepatitis.

## II. PENDING MOTIONS

### A. Motion To Strike

Dr. Binnon Answered the Complaint on June 20, 2008. (D.I. 84.) In turn, Plaintiff filed a Response to the Answer. (D.I. 87.) Dr. Binnon moves to strike the Response, pursuant to Fed. R. Civ. P. 7, on the basis that it is an improper pleading. (D.I. 89.)

The Federal Rules of Civil Procedure do not contemplate the filing of a Response to an Answer to the Complaint. Therefore, the Court will grant the Motion.

### B. Request For Counsel

Plaintiff requests counsel on the grounds that he is unable to afford counsel, the legal issues are complex, he does not have access to resources necessary to conduct his factual investigation, and he has made mistakes in prosecuting his case. (D.I. 94.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the Court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

This is Plaintiff's second request for counsel and nothing has changed since the Court denied his initial request. Regardless, upon consideration of the record, the Court is not

persuaded that the request for is warranted at this time. Plaintiff has demonstrated an ability to present his claims, he has filed numerous motions, and thoroughly explained his medical condition. There is no evidence that prejudice will result in the absence of counsel, and therefore, the Court will deny without prejudice the Request For Counsel. (D.I. 19.)

**C. Motion To Depose Defendants**

Plaintiff moves for an order to allow him to depose the medical and state Defendants. (D.I. 118.) Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. The Court, however, has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); Ronson v. Commissioner of Corr. for State of N.Y., 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion

to depose physician at corrections facility denied); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."). However, a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993).

The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay. Therefore, Plaintiff is given twenty (30) days from the date of this order to make a showing that he is able to pay the expenses for the taking of the depositions. Plaintiff is advised it is his responsibility to pay for the costs associated with the taking of depositions.

Alternatively, Plaintiff is given the option to depose Defendants by deposition upon written question. If Plaintiff opts to take the route of deposition by written questions, he

will be allowed to submit fifteen questions for each of the deponent Defendants. Again, Plaintiff is given thirty days to advise the Court if wishes to depose Defendants by written questions pursuant to Fed. R. Civ. P. 31.

Based upon the foregoing, the Court reserves its ruling on Plaintiff's Motion To Depose Defendants pending a showing by Plaintiff of either his financial ability to pay for the costs associated with the depositions or exercising his option to depose Defendants by written questions.

## III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Dr. Binnon's Motion To Strike is **GRANTED**. (D.I. 89.)

2. Plaintiff's Request For Counsel is **DENIED without prejudice**. (D.I. 94.)

3. Plaintiff's Motion To Take Depositions of Defendants is **held in abeyance** pending a showing by Plaintiff of his financial ability to pay for the costs associated with deposition **or** by Plaintiff exercising his option to depose Defendants by written questions. Plaintiff shall provide the information to the Court within **twenty days** from the date of this Order. (D.I. 118.)

11-13-08
DATE

UNITED STATES DISTRICT JUDGE